KtjNzxg, Judge,
delivered the opinion of the court;
*336 In this civilian employment action, the court faces the distressing task of tracing its way through a procedural maze to reach essentially simple legal questions. The petition as presently constituted contains two counts:
Ooimt I challenges denial of an in-grade salary increase and seeks back pay for the difference involved;
Ooimt II asserts wrongful separation from service, by means of coerced resignation, and requests reinstatement and appropriate back pay.
■Defendant has moved to strike the portion of plaintiff’s brief relating to count I on the ground that the court has suspended consideration of that count and, consequently, that action on the in-grade increase at this stage is inappropriate. Alleging plaintiff’s failure to exhaust administrative remedies regarding count II, defendant has also moved to dismiss that count or, alternatively, to remand the matter to the Civil Service Commission (CSC). Plaintiff has cross-moved for summary judgment on count II.
For the reasons stated below, we hold for defendant on both counts. Plaintiff is accorded 30 days in which to amend his count I petition, while count II is dismissed.
Prior to his disputed resignation on December 31, 1972, plaintiff was employed as a GrS-14, step 7 general engineer at the Naval Air Test Facility, Naval Air Station, Lake-hunst, New Jersey (Lakehurst). On January 27, 1972, the commanding officer at Lakehurst, C. L. Axell, Captain USN, issued a decision denying plaintiff an in-grade increase to step 8 upon four specific charges of unsatisfactory performance. After certain administrative skirmishes on this issue, plaintiff filed count I of this petition on November 24, 1972, asserting wrongful denial of his step 8 increase.
By motion of January 23, 1973, defendant sought summary judgment on this count, arguing plaintiff had failed adequately to exhaust administrative remedies. Following an informal conference, the parties filed a joint motion for suspension of proceedings on count I pending completion of administrative remedies. On April 20, 1973, the court by order granted said motion, directing that proceedings be suspended for six months and that plaintiff’s attorney notify the court of the status of administrative proceedings at the end *337 of that period or on any date prior thereto on which the administrative proceedings might be completed.
Meanwhile, on April 9, plaintiff had been granted leave to file an amended petition which set forth count II of the complaint, alleging plaintiff’s wrongful termination through coerced resignation. This charge was grounded on the assertion that Captain Axell, in addition to denying plaintiff an in-grade pay increase, had informed plaintiff by letter in October 1972 that, upon the expiration of 30 days, plaintiff would be dismissed from service for unsatisfactory performance.
Because need for a reduction-in-force (RIF) at Lake-hurst appeared increasingly imminent at the time, Captain Axell, by memorandum of November 20,1972, had informed all employees of the availability of an increased annuity to individuals electing retirement through a so-called “resignation requested” procedure. Captain Axell also specifically advised plaintiff on several occasions of his option to resign in lieu of termination. On December 5,1972, plaintiff elected to resign via the “resignation requested” route. By memorandum to Captain Axell on that date, plaintiff declared:
I have been fully informed of and understand my retention rights under the reduction-in-force regulations. It is my desire to elect retirement, and therefore, I am asking that my resignation be requested so that I will become eligible for discontinued service annuity.
This resignation was accepted effective December 31,1972. Count II of plaintiff’s petition urges that the resignation was without effect since it was submitted under duress brought on by Captain Axell’s threats of termination.
By motion of May 9, 1973, defendant asked that count II be dismissed or, alternatively, remanded to the CSC as administrative remedies had not been pursued, let alone exhausted. Following an exchange of briefs which argued the necessity for exhausting administrative remedies under the circumstances, plaintiff filed, on December 6, 1973, a “reply brief” which addressed both counts of his petition. It is against plaintiff’s discussion of count I that defendant’s motion to strike is directed.

*338
Count I

As explained above, the court suspended consideration of this count on April 20, 1973, to allow plaintiff to pursue administrative remedies. The parties’ subsequent briefs and oral argument made clear that appropriate administrative appeal of count I was concluded on July 23, 1973, when the CSC Board of Appeals and Review (BAB,) found that the withholding of plaintiff’s in-grade salary increase was justified. Plaintiff’s reintroduction of this claim to court through his reply brief is, however, still unacceptable as it does not conform to the directive of the court’s suspension order.
In broaching the subject of the in-grade pay increase in his “reply brief,” plaintiff failed to discharge the responsibility placed on him by the April order of formally reporting to the court the status of the CSC proceedings either on the date they ended or at the end of the order’s six-month tenure. Hence, the court was not given the opportunity to reconsider its initial suspension of consideration of count I. This situation not only detracts from procedural regularity in an abstract sense but works to prejudice the Government’s defense of count I, since defendant is correctly hesitant to address an issue not properly before the court. Moreover, now that administrative remedies have been exhausted, plaintiff’s petition should be amended to assert in a specific manner how the CSC BAB decision is arbitrary, capricious, or unsupported by substantial evidence.
Under the circumstances, defendant’s motion to strike falls short of the maximum sanction it could seek against plaintiff. See Ct. Cl. Rule 102(b) (2), permitting dismissal of the action. Accordingly, defendant’s motion to strike that portion of plaintiff’s “reply brief” of December 6,1973 addressing count I is clearly warranted and hereby granted. Plaintiff is given 30 days in which to amend his petition to challenge the CSC BAB decision regarding denial of his in-grade salary increase.

Count II

Defendant’s motion to dismiss count II of the petition is grounded on plaintiff’s failure to seek and exhaust administrative remedies on the issue of his allegedly coerced *339 resignation. Plaintiff's cross-motion for summary judgment is premised on the view that, under the circumstances of this case, exhaustion of administrative remedies was not mandatory and that, on the merits, he is entitled to judgment as a matter of law.
As indicated in the statement of facts and discussion of count I, plaintiff’s pleadings have been most unsatisfactory throughout the proceedings of this case. This shortcoming proves fatal to the count II claim.
Because of the nature of plaintiff’s allegations and because matters outside the pleadings have been presented in the parties’ briefs and considered by the court, we treat defendant’s motion as one for summary judgment on the merits. Ct. Cl. Rule 38(c); Moore-McCormack Lines v. United States, 188 Ct. Cl. 644, 648 n. 1, 413 F. 2d 568, 570 n. 1 (1969); Armstrong v. United States, 186 Ct. Cl. 539, 541, 405 F. 2d 1275, 1276, cert. denied, 395 U.S. 934 (1969). We conclude that plaintiff’s allegation of involuntary resignation fails as a matter of law and therefore dismiss the petition. Ct. Cl. Buie 102(b) (1).
The case larw reveals that the element of voluntariness is vitiated only when resignation is submitted under duress brought on by government action. The tripart test for such duress is:
* * * (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * Fruhauf Southwest Garment Co. v. United States, 126 Ct. Cl. 51, 62, 111 F. Supp. 945, 951 (1953).
McGucken v. United States, 187 Ct. Cl. 284, 289, 407 F. 2d 1349, 1351, cert. denied, 396 U.S. 894 (1969); Pitt v. United States, 190 Ct. Cl. 506, 513-14, 420 F. 2d 1028, 1032 (1970); Popham v. United States, 151 Ct. Cl. 502, 506 (1960).
Because coercion is a necessary component of this formula, a former employee’s burden of establishing that his resignation was involuntarily extracted is a heavy one. As stated in CSC regulation:
The fact that the employee may be faced with an inherently unpleasant situation or that his choice may be *340 limited to two unpleasant alternatives, does not make the resulting action an involuntary action.
Federal Personnel Manual Supp. 752-1, subchapter S1-2a (3). The test thus laid ddwn is one of external coercion or duress, not of internal, subjective perceptions thereof. McGucken v. United States, supra at 289, 407 F. 2d at 1351; Pitt v. United States, supra at 513, 420 F. 2d at 1032.
Leading instances in which courts have found resignation to be involuntary and, hence, without legal effect are those involving the employee’s mental incompetence, Manzi v. United States, 198 Ct. Cl. 489 (1972); time pressure, Perlman v. United States, 203 Ct. Cl. 397, 490 F. 2d 928 (1974), Paroczay v. Hodges, 297 F. 2d 439 (D.C. Cir. 1961); or situations in which the employee sought unsuccessfully to withdraw the resignation before its effective date, Cunningham v. United States, 191 Ct. Cl. 471, 423 F. 2d 1379 (1970). None of these special circumstances is asserted in the single item of evidence for plaintiff’s count II claim, Mr. Leone’s affidavit of May 21, 1973.
On the other hand, resignation submitted (even “under protest”) to avoid threatened termination for unsatisfactory performance has been repeatedly found voluntary and binding. Cosby v. United States, 189 Ct. Cl. 528, 417 F. 2d 1345 (1969); Antera v. United States, 182 Ct. Cl. 495, 389 F. 2d 815 (1968); Popham v. United States, supra. Such was the situation at hand. Although plaintiff does invoke the requirement that a threatened termination must be for good cause in order to precipitate a binding, voluntary resignation, Autera v. United States, supra at 499, 389 F. 2d at 817, in no pleading or affidavit does he make the necessary averment that Captain Axell knew or believed that the proposed termination could not be substantiated. Indeed, in his responsive affidavit of June 18, 1973, Captain Axell points out that his unsatisfactory rating of plaintiff was upheld by the Performance Rating Review Board.
Finally, plaintiff’s suggestion that his departure from employment by means of the “resignation requested” procedure constitutes evidence that his resignation was submitted under duress is without legal basis. It is established that standards governing involuntary resignation for retirement purposes *341 differ from those used to determine when wrongful termination has occurred. Federal Personnel Manual Supp. 831-1, subchapter Sll-2. See Patterson v. United States, 193 Ct. Cl. 750, 436 F. 2d 438 (1971). Indeed, Captain Axell was required by the terms of the Federal Personnel Manual to notify plaintiff and all other eligible Lakehurst employees of the resignation-requested option when a RIF at the establishment became imminent. Supp. 831, subchapter S11-2 (d)(2)(a).
In summary, plaintiff’s count II allegations fail to present an adequate claim of coerced resignation. Because his resignation must, consequently, be considered voluntary, his claim of wrongful termination is without administrative or judicial recourse. See 5 C.F.R. § 752-201 (b); Dabney v. Freeman, 358 F. 2d 533, 535 (D.C. Cir. 1965); Cosby v. United States, supra at 530, 417 F. 2d at 1346.
Accordingly:
(I) Defendant’s motion to strike the portion of plaintiff’s reply brief of December 6,1973 concerning count I is granted and plaintiff is given 30 days to amend his petition to challenge the CSC BAR decision regarding that count.
(II) With regard to count II, plaintiff’s motion for summary judgment is denied, defendant’s motion to dismiss (which we treat as a cross-motion for summary judgment) is granted, and the petition is dismissed.