"This suit involves an alleged illegal removal of plaintiff from his position with the Department of Labor as Senior Compliance Officer (GS-13), New York Area Office, Labor-Management Services Administration (LMSA). He sues for restoration of his position and for back pay.
"Plaintiff was removed from his position with LMSA because he allegedly made false statements to certain government investigators and, further, because he made certain scurrilous and defamatory remarks about his supervisors. Plaintiff contested his removal administratively, including an appeal to the Civil Service Commission (CSC). The final administrative decision, that of the CSC Board of Appeals and Review (BAR), upheld the removal action. Plaintiff claims that the removal was procedurally defective and that the decision of the CSC upholding the removal was arbitrary and capricious. The case is now before this court on cross-motions for summary judgment. The detailed facts are set forth in the decisions of the CSC appeals examiner and of the BAR, and those decisions are a part of the administrative record herein.
"It is well established that judicial action in federal employee removal cases is normally limited to review of the administrative action taken, the review being limited to determining (a) whether there has been compliance with *776 procedural requirements and (b) whether the removal was arbitrary, capricious, so grossly erroneous as to imply bad faith, or not supported by substantial evidence. Power v. United States, 209 Ct. Cl. 126, 129-30, 531 F. 2d 505, 507 (1976); Boyle v. United States, 207 Ct. Cl. 27, 34, 515 F. 2d 1397, 1401 (1975); Poschl v. United States, 206 Ct. Cl. 672, 691-92 (1975); Ricci v. United States, 205 Ct. Cl. 687, 693, 507 F. 2d 1390, 1393 (1974); Grover v. United States, 200 Ct. Cl. 337, 343 (1973); Bielec v. United States, 197 Ct. Cl. 550, 560-61, 456 F. 2d 690, 696 (1972); Liotta v. United States, 174 Ct. Cl. 91, 95-96 (1966); and cases cited in the foregoing cases. As stated by the court, '[i]t is not our function to substitute our judgment for that of the employing agency or the Civil Service Commission; rather we review the case to determine whether their action was reasonable in light of all the evidence.’ Boyle v. United States, supra, 207 Ct. Cl. at 34, 515 F. 2d at 1401; Harrington v. United States, 174 Ct. Cl. 1110, 1116-17 (1966); Guiness v. United States, 149 Ct. Cl. 1, 6, cert. denied, 363 U. S. 819 (1960).
"After having carefully reviewed the administrative decision, we find that it is supported by substantial evidence, is neither arbitrary nor capricious, is not procedurally defective, and is otherwise legally correct. We therefore accord it finality and sustain the removal action. In other words, plaintiff has the burden of showing any alleged deficiencies in the administrative proceedings and he has not done so.
"it is therefore ordered that plaintiffs motion for summary judgment be and is hereby denied, that defendant’s motion for summary judgment be and is hereby granted, and that plaintiffs petition be and is hereby dismissed.”