"This civilian pay case, before the court on plaintiffs and defendant’s motions for summary judgment, presents a question of the voluntariness of plaintiffs resignation from the United States Secret Service. Plaintiff claims he was 'coerced’ into resigning and, therefore, that his resignation was in effect an 'adverse personnel action’ to which certain due process rights should have been attached. He alleges he was denied these rights and seeks reinstatement and back pay from the court. Defendant objects to plaintiffs characterization and takes the position that plaintiffs departure from the Secret Service (Service) was voluntary and that no adverse action procedures attached.
"Plaintiff entered into employment with the Service in 1971. In June 1972, he was transferred from the New York Field Office to the Miami Field Office at his own request. In May 1974, plaintiff was informed by the Agent in Charge, Robert Newbrand, that plaintiffs performance and conduct as an agent were not satisfactory. He agreed to 'shape up’ within three months and, if he failed, to resign at the end of that period. In mid-August 1974, Mr. Newbrand informed plaintiff that he intended to propose plaintiffs separation from the Service. At that meeting, plaintiff was shown a performance evaluation for a recent European assignment he had just completed. The evaluation was, on the whole, poor and contained the following language:
This agent is not acceptable for future assignments. During assignment with the [Protective Support Division] he worked with both the Kissinger and Simon details. He was a chronic complainer and demonstrated a lack of maturity in his performance and attitude. His credibility and integrity is [sic] less than desirable.
*785 "On or about September 10, 1974, Mr. Newbrand forwarded to Service Headquarters in Washington, D.C., a report setting forth certain incidents and other information concerning plaintiff which Newbrand considered improper and inappropriate conduct for a Secret Service agent. On September 13, 1974, Mr. Newbrand informed plaintiff that charges in support of a proposed adverse action against plaintiff were being prepared. Plaintiff submitted his resignation on September 16, 1974, effective September 17, 1974.
"Plaintiffs appeal to the Civil Service Commission was denied on October 16, 1975, and his request for reopening and reconsideration of the decision was denied by the Appeals Review Board on April 5, 1976. Plaintiff then filed suit in this court.
"Simply put, plaintiff in this case has not met the heavy burden of showing that his resignation was submitted under duress or coercion. Leone v. United States, 204 Ct.Cl. 334, 339 (1974). Under the standards of review established by the court, a resignation is presumed voluntary, and this presumption will prevail unless plaintiff comes forward with sufficient evidence to establish that the resignation was involuntarily extracted. Christie v. United States, 207 Ct.Cl. 333, 338, 518 F.2d 584, 587 (1975); Leone v. United States, supra, 204 Ct.Cl. at 339.
"Plaintiff had a choice. He could have stayed on the job and resisted whatever adverse action may have come against him. He elected instead to resign. While plaintiffs perception of the situation may have given him the feeling that he had no alternative but to resign, his perception is not controlling. The test is an objective one and is not, therefore, measured by plaintiffs subjective evaluation of the situation. McCormack v. United States, 209 Ct.Cl. 778, 779 (1976); Leone v. United States, supra, 204 Ct.Cl. at 340. As the court stated in Christie v. United States:
Merely because plaintiff was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of her resignation.
207 Ct.Cl. 333, 338, 518 F.2d 584, 587-88(1975).
*786 "In addition, plaintiff has had a full hearing before the Civil Service Commission (CSC) on the merits of his contention that his resignation was involuntary. The CSC, however, concluded that plaintiffs resignation was voluntary. We can only review that decision to determine whether the decision of the CSC was procedurally erroneous or arbitrary, capricious, or so grossly erroneous as to be in bad faith. Ricci v. United States, 205 Ct.Cl. 687, 693, 507 F.2d 1390, 1393 (1974); Morelli v. United States, 177 Ct.Cl. 848, 858 (1966). It is not our function to substitute our judgment for that of the Civil Service Commission. Holman v. United States, 181 Ct.Cl. 1, 8, 383 F.2d 411, 415 (1967).
"We conclude that a review of the administrative record in this case establishes that the CSC’s decision was neither arbitrary nor capricious, but rather was based upon substantial evidence. No prejudicial error was committed by the CSC during the course of plaintiffs hearing before it if, indeed, error was committed at all. See Ricci v. United States, supra. Accordingly, the CSC’s decision must be sustained. Because we agree with the CSC decision that plaintiffs resignation was voluntary, we also conclude that plaintiff was not entitled to the benefit of adverse action procedures. Federal Personnel Manual Supplement (FPM Supp.) 752-1, Subchapter S1-2b(a).
"it is therefore ordered, upon consideration of the pleadings, plaintiffs and defendant’s motions for summary judgment, and following oral argument, that plaintiffs motion for summary judgment be and is denied, and defendant’s motion for summary judgment be and is granted. The petition is dismissed.”