"This claim involves a former CIA employee who waited 17 years from the time of his alleged involuntary resignation in 1960 to file suit here in 1977 for back pay. The case comes before the court on defendant’s motion to dismiss, which asserts plaintiffs claim is barred by our 6-year statute of limitations, 28 U.S.C. § 2501. Plaintiff contends that the statute is tolled during the period that an aggrieved party is under duress and asserts that agency action placed him in perpetual fear which excuses his delay in filing suit. We do not need to determine now whether duress may ever operate to toll the statute of limitations, for the facts alleged by plaintiff are insufficient to establish a case of duress.
"Plaintiffs effort to show duress relies primarily on the agency’s requirement that he sign a Secrecy Oath when he resigned. Whether such an oath is enforceable is a matter we leave open. We avoid that question because there is *397 nothing constituting duress in the oath as it applies to the claim plaintiff brings.
"The first paragraph of the oath prohibits plaintiff from revealing national defense and security secrets. Since plaintiffs claim is that the CIA breached a promise to retain him until retirement age, national security secrets are not involved, and thus we see no restriction in the oath which conceivably could cause duress. The oath’s second paragraph directs that future monetary claims involving the disclosure of confidential information be brought first to the agency and mandates that no alternative recoveries be pursued without prior written notice to the agency, and then only in accordance with legal and security advice the agency provides. Again, however, the enforceability of this far-reaching clause need not be decided, since it is not coercive as to suits, such as this, involving no protected information. It could not reasonably be taken to intimidate employees into fear that all suits for back pay will be punished. Nothing else in the oath is even alleged to help plaintiffs claim of duress. Indeed it states that plaintiff signed it 'in the absence of duress’ and 'voluntarily.’
"Plaintiff does claim now that there was duress in the signing of the oath. He says that the agency threatened to withhold his pay if he did not sign. This is not duress since plaintiff had the alternative of contesting in court the refusal to pay any salary due him. Leone v. United States, 204 Ct. Cl. 334, 339 (1974). Further, even threatened financial disaster has been held insufficient to constitute duress, if without defendant’s fault. Fruhauf SW Garment Co. v. United States, 126 Ct. Cl. 51, 115 F.Supp. 945 (1953).
"Plaintiff also suggests that his alleged duress began when the agency forced him to sign a broad Secrecy Oath without giving him a copy to retain. The implication seems to be that plaintiff was under duress because he could not be sure that he had not promised more than the document now reveals he did. Questioning at oral argument revealed that plaintiff never asked for a copy of the oath, suggesting that the problem may have been plaintiffs timidity, rather than the agency’s coerciveness. Duress cannot be proved by showing unreasonable fear.
"Plaintiff next argued that he learned that CIA had placed derogatory information in his personnel file. He maintains that this left him afraid that worse injuries by the agency would be inflicted upon him or his family if he *398 raised a court challenge. Further, he contends that other agents he knew were afraid to sue the agency because of fear about what it would do to them. Plaintiff does not allege that he was ever threatened or even told not to sue by anyone in the agency.
"On this factual background, there is nothing which amounts to duress of such a magnitude as would toll our statute of limitations even were it not jurisdictional and thus subject to strict construction upon the right to sue. Soriano v. United States, 352 U.S. 270, 276 (1957); Kirby v. United States, 201 Ct. Cl. 527, 539 (1973), cert. denied, 417 U.S. 919 (1974). Quite simply, plaintiff has not offered proof that actions of the agency created in him a reasonable fear which for 17 years inhibited his free will and capacity to bring suit or that its actions were in any way unlawful. Plaintiff has confided that his delay was, in part, due to his desire to obtain information necessary to prove his case, although it should be clear that one’s ability to obtain necessary information has nothing to do with duress or one’s capacity to bring suit here, where modern discovery procedures are available. Assuming, arguendo, as plaintiff seems to suggest, that CIA agents, particularly during an earlier era, had reason to fear the retribution of the agency for acts which threatened the CIA, plaintiffs dispute with the agency was merely over the promises made to him at the time he joined it and the validity of the decision resulting in his resignation. These are matters which would not threaten the agency in such a manner that plaintiff could reasonably have expected retribution. Since plaintiff cannot demonstrate that the agency actually threatened him, and nothing suggests he had just reason to fear the agency, no case of duress can be, or is, established. Thus, even if duress could toll the statute of limitations, it would not do so here. Plaintiffs motion for call and his request for admissions are mooted.
"it is therefore ordered, upon the written and oral arguments of the parties, that defendant’s motion to dismiss is granted. The petition is dismissed.”