This case is before the court on defendant’s motion for summary judgment under Rule 101(b). Plaintiffs suit challenges his five-day suspension by the District of Columbia Air National Guard (DCANG). The issue presented is whether the decision of the defendant, DCANG, is either arbitrary and capricious or not supported by substantial evidence. We conclude that defendant’s motion must prevail.
Defendant was forced to ground one of its planes on February 16, 1977 due to a frayed aileron cable. Responsibility for this faulty condition was placed on plaintiff who had inspected the aileron cable three months before and authorized the plane’s continued operation.
Plaintiff was notified of defendant’s intent to reduce his grade and suspend him for ten days. Plaintiff appealed this decision. Subsequently, a hearing was held wherein the presiding officer recommended that plaintiff be suspended for five days due to his failure properly to inspect the aileron cables on November 16, 1976.
*905 The evidence at the hearing concerned the responsibility for inspection of the airplane’s left aileron cables. Plaintiff was responsible for a "phase maintenance inspection” (e.g., 100 hour inspection) on the plane. He inspected the left aileron cable, as well as other areas, and certified the plane as fit for flight. Subsequently, another inspector spot-checked the plane two days later.[1] He found a loose bolt on the mounting bracket, but his spot inspection did not show any other irregularities in the left aileron area. Throughout this period, a work team was repairing the ailerons, spoilers and stabilizers. Plaintiff contends that the forms filed by the work team show that it worked on the area which was later found frayed after plaintiff had checked it. Defendant argues that plaintiff entirely misunderstands the two sets of forms. Plaintiffs forms only show general overall statistics. Defendant’s forms, however, show the actual area of work and are used to determine if a plane is flight-worthy.
At the administrative review, the presiding officer specifically addressed the responsibility issue and found no indication that the work crew was involved in repairing or removing the left aileron cable which plaintiff had inspected. In fact, the crew worked near the body of the plane whereas the difficulty for which plaintiff is being held responsible was toward the tip of the wing.
Our review of this administrative action is limited to determining (1) whether there has been compliance with procedural requirements and (2) whether the removal was arbitrary, capricious, so grossly erroneous as to imply bad faith, or not supported by substantial evidence. Kenney v. United States, 214 Ct. Cl. 775 (1977); Ricci v. United States, 205 Ct. Cl. 687, 693, 507 F. 2d 1390, 1393 (1974).
No issue exists as to the procedural aspects of this case. Plaintiff admits that the hearing and administrative review were conducted fairly. Rather, plaintiff complains that the administrative decision was clearly erroneous and illogical.
After a review of the administrative record and the parties’ submissions, we cannot say that the DCANG *906 decision was either arbitrary and capricious, or not supported by substantial evidence. Shapley v. United States, 214 Ct. Cl. 783, 786 (1977). As the hearing examiner noted, the procedures used throughout the airplane inspection and repair may not have been perfect, but even plaintiffs testimony conceded that if the other work crew performed its work properly, it would have had no effect on the area inspected by plaintiff. Thus, the hearing officer could reasonably find, as he did, that plaintiffs failure to inspect the left aileron cable was the cause of its frayed condition three months later after 70 hours of flying time. In fact, contrary to plaintiffs arguments, the disclosure of the loose bolt mount by the spot inspection could support an inference that plaintiff failed properly to inspect the nearby aileron cable.
Thus, the decision of the DCANG must be sustained.
Accordingly, it is ordered, upon consideration of the parties’ submissions, but without oral argument, that defendant’s motion for summary judgment is granted. The complaint is dismissed.
Plaintiffs motion for rehearing and relief from order was denied November 21, 1979.

 The second inspector was not required to reexamine the entire plane as plaintiff had been. Rather, the second inspector was responsible only for discrete spot-checking.