This is an action to recover $4,870 in liquidated damages which defendant assessed against and collected from plaintiff in connection with work performed for the National Institutes of Health C'NIH”) under contracts NIH-7 2-C-766CC, NIH-73-C-866CC, and NIH-74-G-774CC. The damages were assessed for alleged violations of the overtime provisions of the Contract Work Hours and Safety Standards Act, 40 U.S.C. §§ 327 et seq. Plaintiff was first informed of this damage determination by letter of May 19, 1978, from the contracting officer; the $4,870 was apparently withheld from sums due plaintiff under another NIH contract.
By letter of February 9, 1979, after plaintiff had appealed to the Secretary of Labor, plaintiff received from the Assistant Administrator, Wage and Hour Division, United States Department of Labor ("Department”), what appeared to be a "final order” affirming the assessment determination. This action spurred plaintiff to file suit in the Court of Claims on April 9, 1979. However, on April 24, 1979, an order of the Wage Appeals Board remanding the matter to the Deputy Administrator of the Wage and Hour Division for a "final decision” shows that plaintiffs damage assessment still awaits a determination by the-Administrator of the Wage and Hour Division.
Plaintiff concedes that the appropriate officials in the Department should have an opportunity to decide this matter before plaintiff pursues any further remedies in this court. Therefore, plaintiff requests the court to stay proceedings pending a decision of the Department.
Defendant, however, has moved to dismiss plaintiffs action or in the alternative for summary judgment on the ground plaintiff thus far has failed to exhaust its administrative remedies.
*917 Under the circumstances we believe it appropriate to stay proceedings in this court for a period of 6 months pending further action by the Department. Counsel for plaintiff is directed to notify the trial judge regularly as to the status of the proceedings before the Department. See Leone v. United States, 204 Ct. Cl. 334, 338 (1974), regarding the importance of this notification. The attention of the parties is also directed to Rule 150 of the court pertaining to extensions of stays.
it is therefore ordered upon consideration of the parties’ submissions and other papers, but without oral argument, that defendant’s motion to dismiss or in the alternative for summary judgment is denied. Proceedings in this case are stayed for a period of 6 months. Counsel for plaintiff is ordered to notify the trial judge of the status of the proceedings before the Department of Labor in Liquidated Damages Against Halifax Engineering, Inc., WAB case No. 79-7, at regular intervals not to exceed 60 days.
On March 13, 1980 the court dismissed the petition on the filing of plaintiffs motion to dismiss.