This civilian pay case comes before the court on petitioner’s appeal from final decision of the Merit Systems Protection Board. Petitioner, appearing pro se, seeks reversal of the MSPB determination that his resignation from federal employment was voluntary and that he is thus ineligible for a discontinued service retirement annuity.
For the reasons set forth below, we dismiss petitioner’s appeal.
Petitioner was a GS-9 Management Assistant for the Department of the Army until he resigned effective October 11, 1975. In March, 1975, while still employed in that position, petitioner received a notice from his supervisor informing him that he would be terminated if his job *616 performance failed to improve within two months. On July 14, 1975, the Army granted petitioner his requested three-month leave of absence without pay so that he could seek other federal employment. At the same time, petitioner tendered his resignation, effective at the end of the three-month period. He was unable, however, to find another position with the federal government and retired on October 11,1975.
Petitioner applied on January 23, 1980, for a discontinued service retirement annuity, but his application was turned down by the Office of Personnel Management (OPM). OPM based its rejection on its finding that petitioner had voluntarily resigned from his position with the Army. On April 27, 1980, petitioner requested that OPM reconsider its decision, alleging that his resignation was obtained by duress and intimidation and was therefore not voluntary. In its reconsideration decision of July 1, 1980, OPM found that petitioner did not support his allegations of duress and intimidation, and again denied his annuity claim.
Petitioner then appealed to the Merit Systems Protection Board, again citing the circumstances of his resignation as indicating its involuntary nature. In addition, he argued that a decision by the Appeal Tribunal of the New Jersey Division of Unemployment and Disability Insurance, determining him eligible for unemployment compensation, supported his allegation that he resigned against his will. The MSPB affirmed OPM’s decision, finding no support in the record for petitioner’s claim that his resignation was involuntary. Specifically, the MSPB found that 1) the record did not show that the DOA had instituted an adverse action against petitioner; 2) it was speculative to assume that such an action would have been instituted; and 3) any pressure felt by petitioner because of his supervisor’s dissatisfaction with the quality of petitioner’s job performance did not meet the standard tests of coercion for involuntary resignation.[1] See, e.g., Christie v. United States, 207 Ct. Cl. 333, 518 F.2d 584 (1975); Leone v. United States, 204 Ct. Cl. 334 (1974). Petitioner’s request for review of this *617 decision was denied on April 24, 1981, and he appealed to this court on May 15,1981.
The question before us is whether the MSPB decision to affirm OPM’s denial of a discontinued service retirement annuity to petitioner because of voluntary resignation was arbitrary, capricious or unsupported by substantial evidence. Christie supra, at 333, 518 F.2d at 584. We hold that it was not.
Employee resignations are presumed voluntary unless the employee establishes by significant evidence that his resignation was coerced. Christie, supra, at 338, 518 F.2d at 587. This court has established a three-pronged test for determining whether an employee’s resignation has been submitted under duress from government action which vitiates the presumption of voluntariness. The test for establishing such duress is: * * * (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party.* * * Fruhauf Southwest Garment Co. v. United States, 126 Ct. Cl. 51, 62, 111 F. Supp. 945, 951 (1953).
Because coercion is a necessary element of this test, a former employee’s burden of establishing that his resignation was involuntarily extracted is a heavy one. Leone, supra, at 339. Petitioner in the instant case presented no evidence of coercion to the OPM and the MSPB other than his recitation of the circumstances surrounding his tender of resignation and his bare assertion that the resignation was extracted from him against his will. Petitioner failed to demonstrate that the Army had irrevocably decided to terminate him upon expiration of his three-month leave of absence, or that he had no other alternatives available to him in lieu of resignation, such as fighting a possible adverse action. In fact, petitioner stated, in his December 3, 1980, letter to the MSPB that "in no way did I resign out of fear of being terminated. I only resigned after I sincerely and wholeheartedly felt we had crossed that fine line of tolerability with respect to the work situation.” As we have noted previously, "not every unpleasant working arrangement or distasteful set of alternatives constitutes duress or *618 renders an otherwise voluntary act involuntary.” Roskos v. United States, 213 Ct. Cl. 34, 40, 549 F.2d 1386, 1389 (1977). In conclusion, petitioner simply has presented no evidence of coercion or wrongful government action that would preclude the MSPB from finding, as it did, that his resignation was voluntary.
Accordingly, it is therefore ordered, on consideration of the record and parties’ submissions, but without oral argument, that the decision of the MSPB is affirmed. The petition is dismissed.

 Giles v. United States Office of Personnel Management, MSPB Docket No. CH 08318010080 (Nov. 6,1980).