This case is before the court on petitioner’s appeal from a final decision of the Merit Systems Protection Board. After careful consideration of the parties’ submissions and without oral argument, we affirm the decision of the Merit Systems Protection Board.
Petitioner, Cesar I. Arroyo, after holding various positions in the Air Force, was appointed in January 1978 to the position of Chief of the Curriculum Development Section of the Marksmanship Training Branch at the Air Force Military Training Center Headquarters, Lackland Air Force Base, Texas. On two occasions in 1978, petitioner’s immediate supervisor found it necessary to counsel the petitioner concerning certain deficiencies in his work. At the close of the year, a routine base inspection revealed serious defects in the curriculum section which petitioner supervised. Due to this petitioner’s work was criticized. The Training Group’s commander was also dissatisfied with the work petitioner had submitted to him. As a result, petitioner’s immediate supervisor instructed petitioner on the steps necessary to correct his performance. An observation period was set in which petitioner was to improve his performance.
Subsequently certain allegations were made against the petitioner and an investigation was ordered. The conclusions of this investigation were unfavorable to petitioner. On April 23,1979, petitioner was issued a notice of proposed removal based upon the unsatisfactory performance of the duties contained in his official job description. Specific examples of petitioner’s unsatisfactory performance and his failure to meet job standards were cited. Petitioner responded in writing to the notice through counsel. After consideration, the Air Force decided removal was the appropriate action. As an alternative to removal, petitioner chose to retire from his employment effective June 15,1979.
On June 22, 1979, petitioner appealed to the Merit Systems Protection Board (MSPB) alleging that his retirement was coerced and involuntary, that the Air Force had not had adequate grounds upon which to remove him, that the real reason for the proposed removal was the animosity of his immediate supervisor, and that the proposed removal was in reality an act of discrimination and reprisal.
*649 The MSPB held a hearing on September 4, 1979, where petitioner was represented by counsel. After review of the record, the MSPB concluded petitioner’s retirement was voluntary and dimissed his appeal on the ground it was not within its jurisdiction. Petitioner filed a petition for further review of this decision with the MSPB. On October 9, 1980, the MSPB denied the petitioner’s appeal. Petitioner is now before this court seeking review of the MSPB decision.
Whether or not a separation is voluntary depends upon all the facts and circumstances. It is the substance of a transaction rather than its form that governs. Patterson v. United States, 193 Ct. Cl. 750, 436 F. 2d 438 (1971). Petitioner’s retirement may be found to be involuntary if it was induced by Government action causing duress. Clark v. United States, ante at 570; Leone v. United States, 204 Ct. Cl. 334, 339 (1974). The mere fact that petitioner faced two unpleasant alternatives, however, does not mean his retirement was coerced. Christie v. United States, 207 Ct. Cl. 333, 518 F. 2d 584 (1975).
* * * [Petitioner] must show that a reasonable person would find that (1) one side involuntarily accepted the terms of another, (2) circumstances permitted no alternative, and (3) circumstances were the result of coercive acts of the opposite party. Even if a [petitioner] resigns under protest to avoid a threatened termination, the resignation is voluntary. * * * [Rudd v. United States, ante at 497.]
Petitioner has failed to meet this test. It is clear from the record that prior to taking action to remove petitioner, respondent gave petitioner counseling and guidance in the performance of his duties with ample time to correct deficiencies. It was only after petitioner’s work failed to improve that the respondent took the action of proposing removal. The record shows petitioner’s superiors never discussed retirement among themselves or with the petitioner. There has been no substantiation of petitioner’s allegations of discrimination or reprisal. We have considered petitioner’s other arguments and find them to be of no merit.
Thus, we find there was substantial evidence upon which the MSPB based its decision. Its decision was not arbitrary *650 or capricious, nor was there any violation of applicable law or procedures. Once the MSPB found the petitioner’s retirement was voluntary, it correctly dismissed the petition for lack of jurisdiction. 5 C.F.R. § 1201.3; 5 C.F.R. § 752.401(c). We therefore affirm the decision of the MSPB.
it is therefore ordered that the decision of the Merit Systems Protection Board be and is hereby affirmed.