# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAUL JOSEPH SIMANONOK, <br> Appellant, | DOCKET NUMBER <br> PH-0752-14-0867-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, <br> Agency. | DATE: April 10, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Russo, Portsmouth, New Hampshire, for the appellant.

Barbara A. Badger and Robert D. Stuart, Esquire, Portsmouth, New Hampshire, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as a GS-11 General Engineer until April 18, 2010, when he was promoted to GS-12, not to exceed November 7, 2014. Initial Appeal File (IAF), Tab 20 at 5. In January 2013, his supervisor gave him a position description with which he disagreed. On January 29, 2013, the appellant told a manager that he was contemplating retirement.[2] *Id.*, Tab 12 at 76. On February 27, 2013, he was issued a Letter of Requirement based on his failure to perform in a timely manner his direct charge work assignments. *Id.*, Tab 11 at 86. On March 11, 2013, the appellant initiated the paperwork for his retirement to be effective May 3, 2013. *Id.* at 43. He requested a reassignment on March 20, 2013, but the agency denied his request. He was on sick leave, beginning on April 2, 2013, based on a request from his health-care provider. *Id.*, Tab 23 at 15. On April 7, 2013, the agency terminated the appellant's temporary promotion, *id.*, Tab 20 at 4, and he retired on May 3, 2013, *id.*, Tab 11 at 46.

¶3 The appellant then filed an equal employment opportunity (EEO) complaint in which he alleged that the agency discriminated against him because of his age

---

[2] According to the appellant, he became eligible for retirement under the Civil Service Retirement System on October 11, 2011. IAF, Tab 1 at 7.

(57) and retaliated against him because of prior complaints he had filed, describing various acts of harassment which he claimed forced him to retire. On July 23, 2014, the agency issued a Final Agency Decision finding that the appellant did not establish his claims. *Id.*, Tab 1 at 15-27.

¶4    On appeal, the appellant challenged the agency's findings. *Id.* at 7-13. In acknowledging the appeal, the administrative judge set forth the grounds for establishing that a normally voluntary action such as a retirement was, in fact, involuntary and therefore subject to the Board's jurisdiction. *Id.*, Tab 2. The agency moved that the appeal be dismissed for lack of jurisdiction. *Id.*, Tab 10. After the parties made additional submissions, *id.*, Tabs 11-14, 17-21, the administrative judge issued a comprehensive jurisdictional order explaining that the appellant's appeal would be dismissed unless he made a nonfrivolous allegation that he retired because of duress, coercion, or misrepresentation; that, if he made such an allegation supported by affidavits or other evidence, he would then be required to prove those same matters by preponderant evidence, either at a hearing or during a further opportunity to develop the record; and that, if he did not, his appeal would be dismissed, *id.*, Tab 22. The appellant filed a responsive submission. *Id.*, Tab 23.

¶5    In an initial decision based on the written record, the administrative judge found that the appellant failed to nonfrivolously allege that he was subjected to a work environment that was so intolerable that a reasonable person would feel compelled to retire. *Id.*, Tab 24, Initial Decision (ID) at 4-6. The administrative judge further found that the appellant failed to show that he was induced to retire by a threat to take disciplinary action that the agency knew could not be substantiated, that the agency took steps against him without any legitimate purpose, or that he was induced to retire because of agency misrepresentation or deception. The administrative judge concluded that the Board lacks jurisdiction over the appellant's claimed involuntary retirement. ID at 7.

¶6		The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded, *id.*, Tab 2, and the appellant has filed a reply thereto, *id.*, Tab 3.

¶7		Where, as here, an employee claims that his retirement was coerced by the agency's having created intolerable working conditions, he must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to retire. *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). The administrative judge considered the appellant's claims that one of his subordinates who had previously been a supervisor bullied him and discredited his work; that his position description excluded certain duties (although when he complained, management revised it); that his supervisor issued him a Letter of Requirement setting arbitrary quotas for his performance which he described as a "secret" performance improvement plan; that his supervisors ignored his request that they "cease and desist" their behavior which he considered to be harassing; that they denied his request for a transfer (submitted after he had already filed his retirement papers); and that they terminated his temporary promotion less than a month before he retired. ID at 5-6. The administrative judge found, however, that, to the extent the appellant may have faced an unpleasant and personally distasteful work environment, his relating of such facts, even if proven, did not constitute coercion and did not render his retirement involuntary. ID at 7.

¶8		We have considered the appellant's challenges to these findings on review, PFR File, Tab 1 at 5-7, but discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge, *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Facts without support do not establish that a claim is nonfrivolous. *See Riojas v. U.S. Postal Service*, 88 M.S.P.R. 230, ¶ 3 (2001). Moreover, an

employee is not guaranteed a working environment free of stress. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to retire. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Although the appellant argues on review that the initial decision misstated certain facts,[3] we find that he has not identified any factual error or omission of sufficient weight to change the outcome of the initial decision. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 10 (2007).

¶9 We conclude, therefore, that the appellant has not shown error in the administrative judge's finding that he failed to nonfrivolously allege that the agency coerced his retirement by subjecting him to a work environment that was so intolerable that a reasonable person would have felt compelled to retire, a test that is gauged by an objective standard rather than by an employee's subjective evaluation.[4] *See Koury v. Department of Defense*, 84 M.S.P.R. 219, ¶ 10 (1999).

¶10 We note the appellant's argument on review that the initial decision is based on "Agency hearsay testimonies" and a "heavily Agency biased Investigative File." PFR File, Tab 1 at 4. In this regard, he apparently refers to the investigative file prepared by the agency in connection with his EEO complaint. He argues that he requested that the agency provide the file in electronic format

---

[3] For example, the appellant disputes the precise date of his temporary promotion and the date he requested a transfer. PFR File, Tab 1 at 8, 5. He also challenges the administrative judge's statement that "His supervisors never discussed retirement among themselves." *Id.* at 6; ID at 7. The administrative judge was not referring to the appellant's situation, however. Rather, he attributed that statement to the court's opinion in *Arroyo v. United States*, 229 Ct. Cl. 647 (1981), upon which he relied.

[4] To the extent that the appellant argues that he was misled by information his union representative provided to him that, if he put in his retirement papers, he would have a better chance of getting a transfer, the administrative judge correctly found that such a claim does not implicate the agency and therefore does not constitute a nonfrivolous allegation of involuntariness based on agency misrepresentation. ID at 7 n.5; *see Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 9 (2009).

but that it did not submit the file in any format and that therefore the administrative judge did not consider it in reaching his decision. *Id.* In this regard, we first note that the agency did submit into the record a number of declarations from the EEO proceeding, including those from the appellant's first-line supervisor, IAF, Tab 14 at 38-47; his second-line supervisor, *id.* at 48-55; his third-level supervisor, *id.* at 56-60; a Human Resources Specialist who had first-hand knowledge of some of the appellant's claims, *id.* at 61-63; and a supervisory Human Resources Specialist with more limited knowledge of the appellant's claims, *id.* at 65-67. The agency also submitted the appellant's own declaration, *id.*, Tab 18 at 4-18, as well as various other documents that appear to be part of the investigative file,[5] *see, e.g.*, IAF, Tabs 11-14. As the appellant was advised, *id.*, Tabs 2, 22, he bears the burden to establish the Board's jurisdiction over his appeal, *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). To the extent that he believes that there were other documents in the investigative file which would have supported his allegation of involuntariness so as to render it nonfrivolous, it was his obligation to submit those documents, and he cannot now be heard to complain that they were not a part of the official record. His failure to submit such documents does not provide a basis for Board review.[6]

---

[5] Granted, these documents were not submitted in well-organized fashion.

[6] The appellant also challenges on review the administrative judge's finding that the termination of his temporary promotion is not an appealable action. PFR File, Tab 1 at 8; ID at 8. While technically true, the significance of the agency's action to the appellant's appeal is the extent to which it may support the claim of involuntariness. The appellant has not nonfrivolously alleged that he was coerced to retire because the agency terminated his temporary promotion less than a month before his actual retirement but a month after he submitted his retirement paperwork. The administrative judge further stated that, in the absence of an appealable action, the Board lacks jurisdiction over the appellant's allegations of discrimination and/or prohibited personnel practice. ID at 9. Again, while technically true, the significance of these claims in this type of appeal is similarly the extent to which they may support the appellant's claim of involuntariness. *See Hosozawa*, 113 M.S.P.R. 110, ¶ 5. The appellant has not nonfrivolously alleged that agency actions which, in his view,

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[7]**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and

---

evidenced discrimination based on age or retaliation for protected EEO activity had any bearing on the voluntariness of his retirement.  To the extent that the administrative judge erred analytically in addressing these claims, any such error was not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[7] The administrative judge afforded the appellant mixed-case review rights.  ID at 13-14.  However, in the absence of Board jurisdiction, this is not a mixed case.  We have here provided the appellant the proper review rights.  *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.