Jones, Ghief Judge,
delivered the opinion of the court:
Plaintiff, a veteran, received a career conditional appointment as a landscape architect with the Federal Housing Administration in Denver, Colorado, on October 3, 1955. During the 1-year probationary period he was advised by a letter dated August 6, 1956, that his appointment would be terminated as of September 1, 1956. That letter contained the following statement:
Although you have been given a full and fair trial in the performance of your official duties your performance has failed to meet acceptable standards. You have failed to organize your work in an efficient manner and you have failed to display the initiative and resourcefulness required to accomplish the required workload.
The action was based upon an evaluation of plaintiff’s performance and signed by the Director of Personnel of the Denver office where plaintiff was employed. The document was prepared by plaintiff’s immediate supervisor.
On attempted appeal to the Eegional Director of the United States Civil Service, Tenth Eegion, Denver, Colorado, a review was declined on the ground that the plaintiff had not completed his required probationary period of employment.
Plaintiff, on August 20, 1956, wrote Charles F. Warden, Director, Denver Insuring Office, protesting on the ground that the action was unfair and in violation of the Federal Housing Administration regulations;[1] that he had never been warned that his performance failed to meet satisfactory standards; that he had no supervision and guidance in the *504 organization of bis work, and that he did not believe that the supervisors in the outlying areas which he served had concurred in evaluating his work as less than satisfactory.
Plaintiff was advised by Director Charles F. Warden of the Denver office in a written memorandum dated August 22, 1956, that in his opinion the proposed action was correct and would not be set aside. Plaintiff thereupon submitted his resignation to be effective September 6,1956, and his employment was terminated on that date. The notification contained the following statement:
Employee resigned after being notified that he was to be separated during probationary period for failure to meet acceptable standards of performance.
Plaintiff seeks to void the effect of this resignation by contending that it was forced and was not voluntary.
There are attached to the pleadings an affidavit of the plaintiff and also affidavits of Charles F. Warden, the Director of the Denver office, Will H. Wade, Jr., the Chief Underwriter, and Woodrow O. East, the Assistant Director of the Colorado Insuring Office.
The real issue in this case turns on whether the resignation was induced by threats or duress. If it was thus forced it would be necessary to examine other issues in the case. On the other hand, if the facts as disclosed by the pleadings and attached affidavits are not sufficient in the circumstances to indicate threats or duress, the plaintiff would have no basis for recovery. The plaintiff in his affidavit declares that the regulations had not been followed; that up to the time of the notice he was not aware of any dissatisfaction with his work and had not been advised of any; that the facts were not sufficient to justify the termination action; that some of his supervisors in the field had indicated that his work was satisfactory; that he consulted with Messrs. Warden, Wade, and East and that Mr. Warden advised him that it would be better to resign rather than face separation. The affidavit is attached to plantiff’s petition.
The affidavit of Mr. Charles F. Warden was filed and a copy attached to defendant’s brief. Mr. Warden stated that the Evaluation of Employee’s Trial Period FUA Form 891 *505 was prepared by the plaintiff’s immediate supervisor, Mr. Wade, the Chief Underwriter in the Denver office, and that he concurred in the conclusions and signed the papers; that he had a great many hours of discussion and conference both before and after the actual evaluation; that plaintiff was under the primary supervision of Mr. Wade and Mr. East of the Denver office. Mr. Warden denied that he had attempted to induce the plaintiff’s resignation. He stated that his advice was sought and it was given as his opinion that it would be better for the plaintiff’s record if he were to resign rather than face involuntary separation.
Mr. Wade, by affidavit, stated that the normal amount of time was devoted to training of the plaintiff, who was the chief land planner in the Denver Insuring Office; that the discussions were continued from time to time and that the plaintiff attended the regular weekly meetings for key underwriting personnel in the Chief Underwriter’s office each Monday when he was in Denver; that he personally accompanied the plaintiff on trips to the field both in Denver and outside Denver; that plaintiff’s performance as a result of review, training, and discussion seemed to leave much to be desired, and that his land planning work was judged less than adequate ; that it seemed difficult for him to follow instructions and did not reflect the soundness of judgment which his position called for, and that after consideration of all the factors, his performance was determined to be less than satisfactory.
Mr. East’s affidavit is along similar lines.
After reviewing the pleadings and the affidavits, we conclude that they are insufficient to justify a finding that the resignation was induced by threats or force. Considered in their most favorable light, we do not think the pleadings and affidavits justify a finding of coercion. Majesic v. United States, 137 Ct. Cl. 188, cert. denied, 355 U.S. 826. See also Fruhauf Southwest Garment Co. v. United States, 126 Ct. Cl. 51, 62, and cases cited; also Foreign Trade Management Company, Inc. v. United States, 109 Ct. Cl. 587, 603, cert. denied, 334 U.S. 832; and Beatty v. United States, 144 Ct. Cl. 203. We quote from Fruhauf Southwest Garment Co., supra, the following at p. 62:
*506 An examination of the cases, however, makes it clear that three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. United States v. Bethlehem Steel Corp., 315 U.S. 289, 301; French v. Schoemaker, 14 Wall. (US) 314, 332.
In a recent case, Rich v. Mitchell, 273 F. 2d 78, the Court of Appeals for the District of Columbia affirmed the action of the District Court in dismissing the petition in a somewhat similar case. The Per Curiam opinion in that case is as follows:
Appellant, a former employee of the Department of Labor, sued the Secretary of Labor for reinstatement. His complaint, in the light of accompanying affidavits, comes only to this: The Director of Personnel notified appellant that unless he resigned within three days, the Department would bring certain charges against him proposing his dismissal, and these charges might lead to fine or imprisonment. The Director told appellant he could resign on any ground he chose and his resignation would be accepted. He was “frightened and upset.” He therefore resigned “To enter private Industry.” He tried, and was not allowed, to withdraw his resignation. He describes the Director’s statement as “threats and duress” and says he was “falsely accused”. But he does not allege that the Director knew or believed that the proposed charges were false.
The Director did not act illegally or improperly in telling appellant he could choose between facing charges and resigning. We agree with the District Court that the appellee was entitled to summary judgment. Competello v. Jones, 105 U.S. App. D.C. 412, 267 F. 2d 689.
Under the authorities cited and under the facts disclosed by the pleadings and affidavits, we are unable to find sufficient justification for holding that the resignation was induced by threat, duress, or coercion.
The petition will be dismissed.
It is so ordered.
Dureee, Judge; Laramore, Judge; Maddest, Judge; and Whitaker, Judge, concur,

 These include EHA regulations 44001, 44002, and 44003 and subdivisions, which are set out in full in Joint Exhibit 9 on file with the papers in the case.