Omilian pay; resignation; voluntariness of resignation.— On September 10,1976 the court entered the following order:
Before CoweN, OMef Judge, Davis and BeNNEtt, Judges.
“This case comes before the court on defendant’s motion for summary judgment filed June 10,1976, against plaintiff’s claim that his resignation from Government service with the Department of the Army was coerced and is thus invalid and that he is entitled to back pay. All administrative remedies and procedures have been fully exhausted. The Civil *296 Service Commission has found that plaintiff’s resignation was voluntary. Plaintiff resists the pending motion on the grounds that it is premature, without foundation in the record and on the merits, and that questions of fact exist which preclude summary judgment. We resolve these issues against plaintiff.
“On October 1, 1969, plaintiff submitted what he termed a ‘conditional resignation’ to be effective April 4, 1970. It was rejected. On October 21, 1969, plaintiff submitted a resignation effective October 30, 1969, and it was accepted. Plaintiff represented in an appeal to the CSC that he was harassed into resignation by his superiors who conspired against him and engaged in capricious, malicious conduct in violation of the law and regulations. The Appeals Examining Office found no credible evidence to support the claim. The CSC Board of Appeals and Review reaffirmed that finding. Suit was filed but, by agreement of the parties, the court on November 8,1973, suspended proceedings in order for a hearing to be held by the CSC on the issue of voluntariness of the 1969 resignation. A hearing was held and the Appeals Exam-inating Office decision was that plaintiff’s resignation was voluntary but this decision was remanded for still another hearing on plaintiff’s allegations of harassment. The hearing on remand was held and again the decision was that plaintiff’s contentions were not supported by the evidence. The matter then went to the Appeals Board on the contentions raised below and that plaintiff had been denied a fair hearing because all of his prospective witnesses were not heard, that Government witnesses supported his claim, and that the findings were arbitrary and capricious and not supported by the record.
“In findings and an opinion dated March 20,1975, now before the court, the board examined plaintiff’s contentions. It was pointed out that several witnesses were heard and affidavits and exhibits were received. Although plaintiff had requested 83 witnesses, his complaints were directed mainly at two supervisors who were witnesses and another individual who was in Europe but whose affidavit was produced. These were the parties with personal knowledge and the other prospective witnesses were either cumulative or irrelevant. The *297 board concluded, and we agree, that tire record was sufficiently complete and correct and that the plaintiff was not therein denied due process, as he alleges.
“On the issue of harassment as an element of coercion, there was admitted ill-will between plaintiff and his supervisors. The board foimd that this was due to plaintiff’s unsatisfactory work. This was the cause of various suspensions of plaintiff and grievances filed by 'him. But, there is no credible evidence to support the claim of a coerced resignation, or lack of any choice of action but to resign, or any conspiracy to get rid of plaintiff. Plaintiff’s own testimony supports the conclusion that he simply chose to extricate himself from what had become an unpleasant situation by resigning and protecting his annuity. He was informed by his own representative that he might be eventually removed for cause and this gave impetus to his decision to resign. Plaintiff was never officially advised by defendant that he would be discharged or removed through a reduction-in-force and so testified. It is plain that plaintiff’s resignation was not induced by duress and that the judicially recognized tests for duress do not apply here. Plaintiff had an alternative. He could have stayed on the job and resisted whatever adverse action that might have come against him. He elected instead to resign and to protect his annuity against the contingency that he might be unsuccessful in contesting a potential adverse action. Plaintiff’s resignation was not induced by coercive actions of defendant and he did not resign after accepting involuntarily any terms imposed upon him by defendant. We find no procedural defects in the administrative proceedings. We do find that those proceedings were carefully, extensively conducted and plaintiff’s charges were thoroughly considered and rejected upon the clear weight of the evidence. The CSC decision was not arbitrary or capricious or in bad faith. No new questions of fact remain to be decided. The facts necessary to decide the pending motion are admitted and supported by plaintiff’s own testimony.
“it is thereeore ordered, upon consideration of the pleadings, the defendant’s motion for summary judgment, plaintiff’s response thereto, and defendant’s reply, without oral argument, and upon the authority of Murphy v. United *298 States, 209 Ct. Cl. 352 (1976); Gratehouse v. United States, 206 Ct. Cl. 288, 512 F. 2d 1104 (1975); Antera v. United States, 182 Ct. Cl. 495, 389 F. 2d 815 (1968.); and cases cited therein, that defendant’s motion be and it is granted. The petition is dismissed.”
Plaintiff’s motion to alter and amend judgment was denied October 28, 1976.