Donjette L. GILMORE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 615–81C.

United States Claims Court.

Sept. 27, 1984.

Jack B. Solerwitz, Mineola, N.Y., for plaintiff; Solerwitz, Solerwitz & Leeds, Mineola, N.Y., of counsel.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant; Sherry A. Cagnoli, Asst. Atty. Gen., and Lori Joan Dym, USPS, Washington, D.C., of counsel.

v.

The UNITED STATES, Defendant.

No. 615–81C.

United States Claims Court.

Sept. 27, 1984.

Jack B. Solerwitz, Mineola, N.Y., for plaintiff; Solerwitz, Solerwitz & Leeds, Mineola, N.Y., of counsel.

Mary Mitchelson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant; Sherry A. Cagnoli Asst. Atty. Gen., and Lori Joan Dym, USPS, Washington, D.C., of counsel.

## OPINION ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

YANNELLO, Judge.

There is no dispute regarding the facts material to defendant's motion. Plaintiff was an employee of the United States Postal Service (USPS); however, she was not a veteran preference eligible employee. She was arrested and so notified her supervisor. Shortly thereafter, two special investigators interviewed her regarding the basis for arrest. Initially (and persistently), she informed the investigators that her attorney had advised her not to discuss the case with anyone. She was told that she could be fired if she did not cooperate. At the investigators' suggestion, she tele-

phoned her attorney, but was unable to reach him. The interview recommenced and plaintiff made inculpatory statements. Thereafter, she wrote and signed a statement admitting wrongdoing.

Later that day plaintiff saw her supervisor. He indicated that, based upon information provided by the investigation, he intended to initiate an adverse action, to wit: dismissal. The supervisor indicated that plaintiff could resign in lieu of removal; but plaintiff indicated that she wished to remain in USPS employ. He noted that plaintiff would be placed on administrative leave (authorized absence with pay), and obtained her credentials from her.

After this meeting, plaintiff returned to her office and, at the close of the business day, wrote a letter of resignation, effective immediately, which she left in her supervisor's office. Approximately one month later, plaintiff sought to rescind her resignation and obtain her position with USPS, but the agency refused to accept the rescission.

### Questions Presented

Defendant submits that this court lacks jurisdiction under the Civil Service Reform Act, the Postal Reorganization Act, and the Back Pay Act, and that there is, together with the Tucker Act, no other statute upon which this court's jurisdiction, with respect to a money claim, would lie.

Plaintiff relies upon the Tucker Act and the Back Pay Act as furnishing the requisite jurisdiction in this court.

Finally, defendant urges, in the alternative, that the plaintiff's claim must fail on the merits inasmuch as plaintiff voluntarily resigned and that no adverse action was taken by defendant of which plaintiff may now complain—a contention which plaintiff contests and to which plaintiff devoted most, if not all, of its response brief.

### DISCUSSION

#### 1. Jurisdiction: Civil Service Reform Act

■ First, defendant argues that plaintiff is not an employee for purposes of the Civil Service Reform Act (CSRA), 5 U.S.C. § 7511(a)(1)(B), because plaintiff was not a USPS preference eligible employee. Plaintiff does not dispute this assertion.

The court agrees with the parties and finds that it lacks jurisdiction under the Tucker Act, 28 U.S.C. § 1491, insofar as the Civil Service Reform Act is implicated here. *See also United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983) *cert. denied,* — U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984), wherein it was found that the plaintiff, as a USPS probationary employee, was not an employee for purposes of the CSRA, 5 U.S.C. § 7511(a)(1)(A).

#### 2. Jurisdiction: Back Pay Act

Defendant, urging that the provisions of the CSRA are comprehensive and all-encompassing and set forth the only statutory rights which, together with the Tucker Act (28 U.S.C. § 1491) might be viewed as conferring jurisdiction here, further contends that all other pay statutes, including particularly the Back Pay Act, 5 U.S.C. § 5596, are no longer efficacious with respect to USPS employees. Thus, argues defendant, this court lacks jurisdiction over the instant claim, which claim is not cognizable against the United States.[1]

At oral argument, plaintiff stated her reliance upon the Back Pay Act, citing *dicta* in *Butz Engineering Corp. v. United States,* 204 Ct.Cl. 561, 576 n.12, 499 F.2d 619 (1974). It is there suggested that the USPS is within the coverage of the Back Pay Act, distinguishing *White v. Bloomberg,* 345 F.Supp. 133 (D.Md.1972), (later *aff'd,* 501 F.2d 1379, 1381 n.2 (4th Cir. 1974)).

Defendant cites *United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983) *cert. denied,* — U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984), pointing to language in the *Connolly* decision which might suggest generally a lack of jurisdiction here. There the court noted that, following enactment

---

**1.** This is not to say that the U.S. Postal Service could not itself be sued in an action in district court. *See Lutz v. USPS,* 538 F.Supp. 1129 (E.D. N.Y.1982).

of the Postal Reorganization Act of 1970 (PRA), Pub.L. No. 91–375, 84 Stat. 719 (1970), the statutes relating to the general entitlement of federal employees to salary payment no longer applied to USPS employees and that no other statutory or regulation basis for payment generally was cited.[2]

However, that suggestion does not squarely address the question now presented concerning the specific provisions of the Back Pay Act, and indeed, the circuit court, in *Connolly,* expressly declined to decide the applicability of those provisions of the Back Pay Act to Postal Service employees.[3]

The Back Pay Act, 5 U.S.C. § 5596, is applicable to employees of an executive department or of an "executive agency" which term is, in turn, defined in 5 U.S.C. § 105. Prior to the Postal Reorganization Act, employees of the Postal Office were employees of an executive department or agency and would be within the coverage of the Back Pay Act. The question now raised as to this court's jurisdiction is whether the USPS, created by the Postal Reorganization Act in 1970, is an "executive agency".

An "executive agency" is defined as either an executive department, or a government corporation, or an independent estab-lishment. *See also* 5 U.S.C. §§ 103 and 104. In determining if USPS is an executive agency, these additional definitions must be considered. The definition of "independent establishment" was expressly amended by the Postal Reorganization Act so as to exclude USPS; but, in the *Butz* discussion, the court stressed USPS' character as a "public establishment", and distinguished USPS from other entities established in the "corporate form." [4] On the other hand, at least one court failed to observe such distinction and referred to the USPS an an "autonomous government-owned corporation", *Ross v. U.S. Postal Service,* 556 F.Supp. 729, 732 (N.D.Ala. 1983), which would, in turn, define it as an executive agency for purposes of 5 U.S.C. § 5596.

The court is, of course, always cognizant of its obligation to assure and satisfy itself of its jurisdiction in all cases, before proceeding to a resolution of the merits. Questions concerning jurisdiction may be raised by the parties, as here, or may also be raised by the court *sua sponte* (in which case the court may nonetheless look to the parties to supply authorities supporting or disputing jurisdiction).

The foregoing discussion illustrates that the jurisdictional question presented here is

---

2. Here, too, plaintiff cites no other statutory basis for payment (apart from the Back Pay Act).

Thus, this case is distinguishable from *Kennedy v. United States,* 5 Cl.Ct. 792, at 794–795 (1984).

Moreover, unlike the situation in *Kennedy, supra,* this case involves no unconstitutional action by the agency leading to a deprivation of salary. If indeed there was unconstitutional action (*e.g.,* deprivation of counsel), such action was related to the investigators' interview concerning plaintiff's alleged criminal activity and not, as is discussed later in the text, to her resignation in lieu of facing a proposed separation action.

3. In *Connolly,* cited in the text, the employee was a probationer who well may not have been entitled to the relief sought even if the Back Pay Act did apply.

Here, if the resignation were coerced, as plaintiff argues, an adverse action might be found to exist and plaintiff, a non-probationary employee, might be found to be entitled to relief for an unjustified personnel action. Hence two questions are relevant here: whether the Back Pay Act is applicable (which would give this court jurisdiction), and whether the resignation was coerced.

4. The Court of Claims, in *Butz,* also discussed the definition of executive agency for purposes of the Classification Act, 5 U.S.C. § 5102, which makes a further refinement in that definition. "Agency" there includes generally an "executive agency" which would in turn include a corporation owned *or* controlled by the government; but the statute then excludes the government-controlled corporation, leaving only government-owned corporations within coverage of the Act.

The Back Pay Act definition does not appear to include this further refinement. If the USPS falls within the definition of government corporation, as either owned *or* controlled, it is thus defined as an executive agency under 5 U.S.C. §§ 103, 105, and would be included within the coverage of the Back Pay Act.

difficult. Resolution will involve interpretation of multiple statutes (which undoubtedly will require resort to legislative history), and also consideration and reconciliation of diverse judicial opinions.

This task is further rendered difficult inasmuch as it appears that, apart from the effect of the Postal Reorganization Act, this court's jurisdiction may have been unquestioned. Thus, the question now presented is whether such jurisdiction as may have existed in the past with respect to postal workers has been rescinded by virtue of recent statutes. This court would not be disposed to find such rescission except where there remained no lingering question as to the intent and effect of such newly enacted statutes.

■ Here, although the matter has been raised by defendant, it was not briefed in sufficient detail for the court to decide. Many questions, chiefly concerning the definitions of "executive agency", "independent establishment", and "government corporation", and the impact thereon of the Postal Reorganization Act, which the court would have wished to address to defendant (perhaps to the extent of requesting supplemental briefs) remain unasked inasmuch as defendant did not respond to the court's order of July 27, 1984, and did not appear for the oral argument which was held on September 6, 1984.[5]

In view of the existence of unanswered questions concerning the effect of recent legislation upon other statutes such as the Back Pay Act and, in turn, upon a change in the jurisdiction of this court over claims of postal workers in such matters, there is insufficient information before the court upon which to rule upon defendant's motion to dismiss.

Accordingly, defendant's motion must, at this time, be denied without prejudice. It might be appropriate to require the filing of additional briefing relating to the court's

jurisdiction, addressing in greater detail the issues outlined above.

However, in the interests of judicial economy, and because the court also has pending before it an alternative motion for judgment on the merits, the court will not order further filings. Instead, this court feels that it is here necessary to resort to a technique for case resolution which, the court readily acknowledges, is most unusual, and not altogether desirable. Namely, the court will turn its attention to the alternative motion filed, addressing the merits, and, because it finds that the plaintiff has no case on the merits (for reasons set forth below), the court will defer any decision on the issue of jurisdiction. *See, e.g., Travis v. United States*, 199 Ct.Cl. 67, 70, n. 1 (1972).

### 3. The Merits

■ Plaintiff contends that her resignation was made under duress and that it should be given no effect. She relies on the facts set forth above, as amplified by deposition material appended to the parties' motion papers. She contends that USPS' continued recognition of the coerced resignation constitutes an adverse action.

Defendant, in its alternative motion, counters that it is entitled to summary judgment inasmuch as the circumstances surrounding plaintiff's resignation do not constitute coercion. Defendant points out that plaintiff had ample opportunity to consult with her attorney before resigning. The gravamen of plaintiff's complaint is that resignation, in the face of or to avoid dismissal, is resignation under duress and, argues defendant, the courts have consistently rejected such contention. *See Cosby v. United States*, 189 Ct.Cl. 528, 417 F.2d 1345 (1960); *Autera v. United States*, 182 Ct.Cl. 495, 389 F.2d 815 (1968). *See also Fruhauf Southwest Garment Co. v. United States*, 126 Ct.Cl. 51, 111 F.Supp. 945

---

5. The matter of defendant's absence from oral argument was the subject of a letter addressed to the court by counsel, dated September 19, 1984, which was the subject of a separate Order issued by the court on September 24, 1984. It should be noted that defendant did not request that leave be granted for the scheduling of an additional argument session at which defendant might appear.

(1953); *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584 (1975).

The defendant's contentions are well taken. A resignation submitted by the employee—even if in the face of or in order to avoid a potential adverse action such as dismissal—is an expression of the employee's choice and the element of coercion is lacking. The agency cannot be found to have coerced the employee into resigning, nor to have taken an adverse action. The failure to permit rescission of that resignation does not constitute error.[6]

■ If the interview which is now complained of were wrongfully conducted (an issue which the court need not decide), or if the information obtained therein were improperly used in connection with any criminal conviction, any remedy can be found only in a district court, since neither result would have entitled plaintiff to a money judgment in this court. Similarly, if the interview which is now complained of were wrongfully conducted and led to an improper adverse action initiated by the agency against plaintiff, plaintiff's remedy would

be to contest such adverse action. *See, e.g., Kalkines v. United States,* 200 Ct.Cl. 570, 473 F.2d 1391 (1973). Where plaintiff accedes to the proceedings and no adverse actions are initiated against her but, instead, plaintiff elects to resign (albeit under shadow of possible adverse actions) there is no compulsion and, as discussed above, no claim cognizable in this court.

## CONCLUSION

For the foregoing reasons, it is concluded that the court has before it insufficient basis upon which to resolve defendant's motion to dismiss and accordingly said motion is DENIED WITHOUT PREJUDICE.

Defendant's alternative motion for summary judgment is GRANTED, and the petition is to be dismissed.

---

**6.** Unlike the situation in *Gratehouse v. United States,* 206 Ct.Cl. 288, 512 F.2d 1104 (1975), here plaintiff has pointed to no statute or regulation which would have established an obligation of the agency to accept a withdrawal of the resignation under any of the circumstances herein alleged.