**CASSIDY CLEANING, INC.**

v.

**The UNITED STATES.**

No. 496–85C.

United States Claims Court.

July 16, 1986.

Phillip B. Ochs, Bethesda, Md., for plaintiff.

Genevieve Holm, Washington, D.C., with whom was Asst. Atty. Gen. Richard K.

---

Willard, for defendant; John P. Callan, Office of Chief Counsel, Nat. Aeronautics and Space Admin., of counsel.

## OPINION

MARGOLIS, Judge.

The plaintiff, Cassidy Cleaning, Inc., seeks declaratory and injunctive relief against the Small Business Administration ("SBA") and the National Aeronautics and Space Administration ("NASA"). Specifically, the plaintiff moves for summary judgment seeking to enjoin the award of a multi-year contract for nearly 11.3 million dollars for janitorial services to be performed at NASA's Goddard Space Flight Center in Greenbelt, Maryland. Alternatively, plaintiff seeks a monetary award of lost profits, bid preparation costs and reasonable attorneys fees. The defendant moves to dismiss or, alternatively, for summary judgment.

After considering the record and hearing oral argument, the court grants the defendant's motion for summary judgment. The plaintiff's motion is denied.

## FACTS

Custodial services at the Goddard Space Flight Center ("GSFC") have been provided under the Small Business Administration's 8(a) program for socially and economically disadvantaged small business concerns for approximately 10 years. When the existing contract for custodial services was scheduled to expire on February 1, 1986, GSFC decided to continue procurement through the 8(a) program. Pursuant to that decision, GSFC received a list of five eligible contractors from SBA and interviewed the contractors to determine their qualifications. The plaintiff, Cassidy Cleaning, Inc. ("Cassidy"), a minority contractor qualified to do business pursuant to section 8(a) of the Small Business Act, was among the five contractors listed and interviewed.

A tour of the GSFC facilities was provided each contractor as was a written statement of the work to be performed and a questionnaire to be answered later at individually scheduled presentations. Identical questions were asked of each contractor. Cassidy made its presentation on April 26, 1985.

After evaluation, GSFC ranked the potential contractors in the following preferential order:

1. Eastern Services, Inc. (Eastern)
2. Noslot Cleaning Services, Inc. (Noslot)
3. J & L Contract Service, Inc.
4. Cassidy Cleaning, Inc.
5. Grace Industries, Inc.

GSFC then requested authority from SBA to negotiate with Eastern, the first ranked candidate. SBA granted that authority, but the negotiations with Eastern were terminated when it was discovered that Eastern's financial condition was unbalanced.

In the meantime, Cassidy filed a protest with the Comptroller General, alleging that Eastern was not a qualified 8(a) contractor and that GSFC and SBA violated the Competition in Contracting Act by not giving Cassidy an equal competitive opportunity. The Comptroller General dismissed the Cassidy protest, finding that the Competition in Contracting Act did not mandate formal, competitive procedures in 8(a) procurements and that Cassidy failed to show possible fraud, bad faith or violation of regulations. *In re Cassidy Cleaning, Inc.,* Comp.Gen.Dec. B–218641 (June 24, 1985), 85–1 CPD ¶ 717.

After the Comptroller General's decision, Cassidy filed suit in the U.S. District Court for the District of Columbia seeking declaratory and injunctive relief. The District Court transferred the case here on August 15, 1985 pursuant to 28 U.S.C. § 1631.

SBA designated Noslot as the subcontractor on the GSFC project on January 31, 1986. On February 19, 1986, the plaintiff (apparently unaware of the award) filed a Second Amended Verified Complaint in this

court, alleging that Eastern would be awarded the contract.[1]

The plaintiff asserts that an award to Eastern would violate the Competition in Contracting Act and the competitive provisions of the Small Business Act because Eastern allegedly had received more information about the contract than did plaintiff and also had received at least one additional walk-through of the facilities. These allegations are based on an alleged conversation between William Wright of NASA and a representative of Eastern, supposedly overheard by Cassidy's general manager, Tony Periro. The plaintiff makes no such allegation of special treatment with respect to Noslot, the actual awardee.

In this suit, the plaintiff repeats its argument that the procedures used in awarding the GSFC contract violated the Small Business Act, the Competition in Contracting Act and applicable regulations. It also alleges that the selection of Eastern violated the due process clause of the Fifth Amendment to the United States Constitution and the equal protection guarantees of the Fourteenth Amendment. The plaintiff's constitutional claims are based on an alleged *de facto* debarment from competition.

The defendant argues that the Competition in Contracting Act is not applicable to 8(a) procurements in the manner suggested by plaintiff; that injunctive relief is not available against the SBA, either directly or indirectly; that the plaintiff's constitutional claims are meritless; and that the plaintiff does not qualify as a "bidder" and therefore cannot assert an implied-in-fact contract sufficient to invoke this court's equitable jurisdiction.

## DISCUSSION

### A. MOTION TO DISMISS

The defendant's motion to dismiss presents difficult jurisdictional questions.

*Compare Harris Systems International, Inc. v. United States,* 5 Cl.Ct. 253 (1984) (RFP essential to support implied-in-fact contract) *with Standard Manufacturing Co. v. United States,* 7 Cl.Ct. 54, 59–60 (1984) (formal RFP not essential—solicitation of interested parties is sufficient to support implied-in-fact contract of fair dealing). But the defendant has also moved for summary judgment on the merits, and since the plaintiff has no case on the merits, this Court will defer its decision on jurisdiction in the interest of judicial economy. *See e.g., Gilmore v. United States,* 6 Cl.Ct. 323, 327 (1984) (citing *Travis v. United States,* 199 Ct.Cl. 67, 70 n. 1 (1972)); *International Mailing Systems Division of Better Packages, Inc. v. United States,* 6 Cl.Ct. 762, 765 n. 1 (1984).

### B. THE MERITS

■ The plaintiff's allegation of favoritism directed at an unsuccessful competitor is without merit. Noslot, not Eastern, was awarded the contract, and Noslot was not alleged to have been treated differently than the plaintiff. Accepting the plaintiff's version of the facts as true for the purpose of the summary judgment motions, the plaintiff was not harmed, and the procurement process was not contaminated by any special treatment afforded Eastern. *Cf. M.W. Kellogg Co./Siciliana Appalti Costruzioni, S.p.a. v. United States,* 10 Cl.Ct. 17, 26–27 (1986).

■ The plaintiff's argument that section 2304(b)(2)[2] of the Competition in Contracting Act ("CICA"), 10 U.S.C. § 2301 *et seq.* (West Supp.1985), requires more formalized, competitive procedures than were practiced in this 8(a) procurement is incorrect. Section 2723 of the Competition in Contracting Act expressly limited that section's applicability to exclude 8(a) procure-

---

1. This court's pre-award jurisdiction continues despite an award of the contract. *See F. Alderete General Contractors, Inc. v. United States,* 715 F.2d 1476 (Fed.Cir.1983).

2. Section 2304(b)(2) stated:

In fulfilling the statutory requirements relating to small business concerns and socially and economically disadvantaged small business concerns, the head of an agency shall use competitive procedures but may restrict a solicitation to allow only such business concerns to compete.

ments. The Act provides that "[t]he amendments made by this section do not supersede or affect the provisions of section 8(a) of the Small Business Act. (15 U.S.C. 637(a))." Competition in Contracting Act, Section 2723(c), Pub.Law. 98–369, 98 Stat. 1192 (1984).

The legislative history of CICA supports this view. The conference report states that "procurements conducted under Section 8(a) of the Small Business Act are exempt from the procurement procedures mandated" for non–8(a) procurements. H.R.Conf.Rep. No. 861, 98th Cong., 2d Sess., 130 Cong.Rec. H6369, H6756 (daily ed. June 22, 1984), *reprinted in* 1984 U.S. Code Cong. & Admin.News 697, 2112.

Section 2304(b)(2) of the Act was subsequently replaced by Section 504(b)(1) of the Small Business and Federal Procurement Competition Enhancement Act of 1984, Pub.L. No. 98–577, 98 Stat. 3086 (1984).[3] One specific purpose of this amendment was to insure that section 8(a) program awards "will not be impacted by" the Competition in Contracting Act. 130 Cong.Rec. H10841 (daily ed. Oct. 2, 1984) (remarks of Rep. Addabbo); *see also* 130 Cong.Rec. H10840 (daily ed. Oct. 2, 1984) (remarks of Rep. Mitchell).

Furthermore, the Small Business Act, which itself imposes some competitive procedures, also excepts awards under section 8(a) from those mandates. The Small Business Act states:

> The same exceptions as are provided in ... section 2304(f)(2) of Title 10, shall apply with respect to the requirements of paragraph (1)(A) of this subsection....

15 U.S.C. § 637(h)(2) (West Supp.1986). The exception referred to excludes "a procurement conducted under ..." the authority of "section 8(a) of the Small Business Act (15 U.S.C. 637(a))" from the justification and approval requirements imposed. *See* 10 U.S.C. § 2304(f)(2)(D) (West Supp. 1986); *Cf.* 48 C.F.R. § 6.001(b) (1986).

Thus, neither the Competition in Contracting Act nor the Small Business Act requires a more elaborate competitive scheme than was practiced here. Moreover, plaintiff's argument that the procurement scheme was inadequate is misplaced. *See Cecile Industries, Inc. v. United States*, 2 Cl.Ct. 690, 693–94 (1983).

■ The plaintiff's constitutional objections are also without merit. The facts do not support an inference that plaintiff and the successful competitor were treated differently or that the plaintiff was *de facto* debarred from competing. Moreover, plaintiff bases its constitutional claims on the Fifth and Fourteenth Amendments. Of these, only the Fifth Amendment mandates compensation. *See United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Since plaintiff has not alleged a taking or established existing property rights interfered with by the defendant, there is no basis for entertaining these constitutional claims. *See Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002 (1967).

The record shows that the plaintiff's presentation was honestly and fairly considered The affidavit of Marlene V. Forster convincingly supports this view.

The defendant's motion for summary judgment is granted. The plaintiff's motion is denied. The clerk will dismiss the complaint. Costs.

---

**3.** 10 U.S.C. § 2304(b)(2) (West Supp.1986) currently reads:

> An executive agency may provide for the procurement of property or services covered by this section using competitive procedures, but excluding other than small business concerns in furtherance of sections 9 and 15 of the Small Business Act....