884 F.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gloria M. LIVINGSTON, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 89-3172.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1989.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Gloria M. Livingston petitions for review of a decision of the Merit Systems Protection Board (MSPB or board), Docket No. DAO7528810449, which dismissed for lack of jurisdiction the claim that her retirement was involuntary. We affirm.
 
 OPINION
 
 2
 Petitioner was formerly employed as a Museum Specialist in the Department of the Air Force at Lackland Air Force Base, Texas. She was issued a decision that she would be removed for unacceptable performance and in lieu of removal, she elected to retire from federal service. She appealed to the MSPB alleging that her retirement was coerced; that she had been harassed on the job, and that the agency had discriminated against her on the basis of race, sex, and age, and had taken reprisal actions against her for previously filed discrimination complaints. The administrative judge issued an order advising petitioner that she had the burden of proof on the issue of whether her retirement was voluntary, and directed her to submit evidence and argument to show that her appeal was within the board's jurisdiction. Petitioner failed to submit any evidence showing that her retirement was involuntary. She also failed to allege any specific facts, which if accepted as proof, would tend to show that her retirement was coerced. She did not refute the agency's version of the circumstances under which she applied for retirement.
 
 
 3
 On the record before us, it is clear that the decision of the administrative judge, which was adopted by the full board, must be affirmed. The courts have repeatedly held that a resignation is voluntary when it is submitted to avoid a threatened termination for cause, and that an employee's bare assertion that she was forced to retire, rather than face removal, is insufficient to establish that the retirement was involuntary. See, e.g., Christie v. United States, 518 F.2d 584 (Ct.Cl.1975); Autera v. United States, 389 F.2d 815 (Ct.Cl.1968).
 
 
 4
 The administrative judge correctly held that petitioner's claims of discrimination were not within the jurisdiction of the MSPB, because it had been determined that the MSPB had no jurisdiction of her claim for involuntary retirement. Moreover, petitioner's claims for discrimination are not properly before this court. In "Petitioner's Statement Concerning Discrimination" filed with the court, she checked statement no. 3, which indicated that she only sought review of the MSPB dismissal for lack of jurisdiction. Although she renewed her claims of discrimination in her informal brief, these contentions must be rejected because this court has no jurisdiction of cases of discrimination. See Granado v. Department of Justice, 721 F.2d 804 (Fed.Cir.1983); Williams v. Department of the Army, 715 F.2d 1485 (Fed.Cir.1983).